# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francis Boyd,                                         :
                              Petitioner              :
                                                      :
                 v.                                   :        No. 515 M.D. 2020
                                                      :        SUBMITTED:  July 22, 2022
Pennsylvania Board of Probation and                   :
Parole, Pennsylvania General Assembly,                :
Pro Tem Joe B. Scarnati III/or Current                :
Pro Tem Speaker of the House of                       :
Representatives Mike Turzai or Current                :
Speaker,                                              :
                              Respondents             :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                           **FILED:  November 4, 2022**

Before this Court are the preliminary objections of Respondents, the Pennsylvania General Assembly, President Pro Tempore Jake Corman, Speaker of the House of Representatives Bryan Cutler (collectively, General Assembly) and the Pennsylvania Parole Board to Francis Boyd's Amended Petition for Review.[1]  After review, this Court sustains the General Assembly's preliminary objections thereby dismissing the General Assembly from the above-captioned action.  As for the Board, we sustain its first and third preliminary objections based on the fact that

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

Boyd is essentially challenging his sentence and confinement, thereby raising a claim sounding in habeas corpus, over which this Court lacks jurisdiction. Consequently, we transfer this matter, which sounds in habeas corpus, to the Court of Common Pleas of Philadelphia County, the sentencing court, as the court of proper jurisdiction pursuant to Section 5103(a) of the Judicial Code.[2]

Boyd was convicted of second-degree homicide in December 1976, and sentenced to life imprisonment. In August 2020, Boyd filed a parole application with the Board requesting a parole hearing because the sentencing judge did not state that his sentence was *without parole*. On August 30, 2020, Boyd received the Board's denial of his request based upon Section 6137(a) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6137(a), which provides that the Board may parole any offender, except an offender serving life imprisonment.

On September 4, 2020, Boyd filed a Petition for Review in this Court's original jurisdiction against the Board and the General Assembly seeking that this Court: (1) declare Section 6137 of the Parole Code unconstitutional under the Pennsylvania and United States Constitutions as applied to Boyd and other individuals serving life sentences for felony-murder convictions pre- and post-1974; (2) sever Section 2502(b) of the Crimes Code, 18 Pa.C.S. § 2502(b) (relating to second-degree murder), from Section 6137 of the Parole Code and order a resentencing hearing sentencing Boyd to either a minimum sentence of 30 years and a maximum sentence of life, or a sentence of life with the possibility of parole; and (3) order the Board to develop plans to review Boyd's case, and all other felony-murder convictions, for parole consideration.

---

[2] 42 Pa.C.S. § 5103(a). Section 5103(a) provides that, if a matter is brought in a court of this Commonwealth which does not have jurisdiction, the court shall not quash the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth.

On October 27, 2020, the Board filed preliminary objections to Boyd's Petition. On November 23, 2020, Boyd filed a Motion for Leave to File an Amended Complaint. On February 12, 2021, the General Assembly filed a response to the motion titled "Response to Motion for Leave to File an Amended Complaint of Respondent the Pennsylvania General Assembly, In the Nature of Preliminary Objections." By February 25, 2021 Order, this Court granted the motion and accepted for filing the attached Amended Petition for Review. The Amended Petition added Respondents Corman and Cutler, seeking the same relief as the original Petition.

On March 19, 2021, the General Assembly filed preliminary objections to the Amended Petition seeking that the Court dismiss it with prejudice or, alternatively, dismiss the General Assembly Respondents from the action. The General Assembly objects to the Amended Petition, alleging: (1) lack of jurisdiction based on the legal insufficiency of a pleading pursuant to Pennsylvania Rule of Civil Procedure (Rule) 1028(a)(4) - demurrer; (2) lack of jurisdiction or improper venue pursuant to Rule 1028(a)(1); (3) failure to state a claim upon which relief can be granted pursuant to Rule 1028(a)(4) - demurrer (no specific allegation against the General Assembly Respondents); (4) failure to state a claim upon which relief can be granted pursuant to Rule 1028(a)(4) - demurrer (claims against the constitutionality of the statute creating the penalty for second-degree murder are too stale to be cognizable); and (5) lack of jurisdiction based on speech and debate immunity pursuant to Rule 1028(a)(1), (4).

On March 25, 2021, the Board filed preliminary objections seeking dismissal of the Amended Petition, with prejudice. The Board objects to the Amended Petition, alleging: (1) lack of jurisdiction/improper venue pursuant to Rule

3

1028(a)(1); (2) failure to state a claim upon which relief can be granted pursuant to Rule 1028(a)(4) - demurrer (asserting the staleness of Boyd's challenge); (3) improper party pursuant to Rule 1028(a)(5); and (4) demurrer pursuant to Rule 1028(a)(4) (binding precedent precludes Boyd's assertion that a life sentence without parole for felony murder committed by an adult is cruel and unusual punishment under the United States and Pennsylvania Constitutions).

Initially,

[i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted).

Respondents argue that Boyd's Amended Petition should be dismissed for failure to state a legally sufficient claim.[3] Specifically, Respondents contend that Boyd's assertion that the statutory scheme related to second-degree murder is inapplicable is meritless based on *Hudson v. Pennsylvania Board of Probation &*

---

[3] This is the General Assembly's first Preliminary Objection, and the Board's fourth Preliminary Objection.

4

*Parole*, 204 A.3d 392 (Pa. 2019). Respondents further contend that the United States Supreme Court and Pennsylvania state courts have consistently rejected the argument that a mandatory life sentence without parole for second-degree murder is violative of any constitutional prohibition against cruel and unusual punishment.

Boyd rejoins that Section 9756(c) of the Sentencing Code (relating to sentences without parole) omits second-degree murder from the statute. Boyd asserts that the statute was amended by the General Assembly eight times since it was enacted in 1974 but that the General Assembly has not added second-degree murder to this provision. Boyd maintains that this shows legislative intent to exclude second-degree murder from the statute. However, Section 1102(b) of the Crimes Code provides:

> Except as provided under [S]ection 1102.1 of the Crimes Code[, 18 Pa.C.S. § 1102.1] (relating to sentence of persons under the age of 18 for murder),] **a person who has been convicted of murder of the second degree**, of second[-]degree murder of an unborn child or of second[-]degree murder of a law enforcement officer **shall be sentenced to a term of life imprisonment**.

18 Pa.C.S. § 1102(b) (emphasis added).

Additionally, Section 6137(a)(1) of the Parole Code declares:

> **The [B]oard may parole** subject to consideration of guidelines established under [Section 2154.5 of the Sentencing Code,] 42 Pa.C.S. § 2154.5 (relating to adoption of guidelines for parole) or subject to [S]ection 6137.1 [of the Parole Code, 61 Pa.C.S. § 6137.1] (relating to short sentence parole)[,] and such information developed by or furnished to the [B]oard under [S]ection 6174 [of the Parole Code] (relating to right of access to offenders), or both, and may release on parole **any offender** to whom the power to parole is granted to the [B]oard by this chapter, **except an offender** condemned to death or **serving life imprisonment**…

5

61 Pa.C.S. § 6137(a)(1) (emphasis added).

In *Hudson*, the Pennsylvania Supreme Court rejected the argument that, because Section 9756(c) of the Sentencing Code omits second-degree murder from sentences without parole, an inmate convicted of second-degree murder should be eligible for parole. The *Hudson* Court explained:

> Section 9765 [of the Sentencing Code] was never intended specifically to create a personal right to be reviewed for parole. Rather, it was meant to direct common pleas courts in discharging their sentencing obligations. . . . Since [an a]ppellant lacks any legal right to parole eligibility, there is no warrant for a reviewing court to alter his sentence.
>
> Relatedly, it is important to recognize that the Board is an administrative agency of the Commonwealth. Thus, it "can only exercise those powers which have been conferred upon it by the [l]egislature in clear and unmistakable language." *Aetna Cas. & Sur. Co. v. Ins. Dep't*, . . . 638 A.2d 194, 200 ([Pa.] 1994) (quoting *Hum*[.] *Rel*[*s*.] *Comm'n v. Transit Cas. Ins. Co.*, . . . 387 A.2d 58, 62 ([Pa.] 1978)). There is no statutory authorization for the Board to grant parole to an individual sentenced to a mandatory life term. Indeed, to the contrary, the Board may "release on parole any inmate to whom the power to parole is granted to the [B]oard by this chapter, *except an inmate* condemned to death or *serving life imprisonment.*" 61 Pa.C.S. § 6137(a)(1) (emphasis added).
>
> We therefore conclude that **the Board lacks the power to release on parole an inmate servicing** [sic] **a mandatory life sentence for second-degree murder**.

*Hudson*, 204 A.3d at 399 (bold emphasis added; citations omitted). Accordingly, Boyd's argument that he should be eligible for parole because Section 9765(c) of the Sentencing Code omits second-degree murder is meritless.

6

Further, with respect to Boyd's contention that a life sentence without parole violates the Pennsylvania and United States Constitutions because it is cruel and unusual punishment, the United States Supreme Court has long held:

> [T]his claim has no support in the text and history of the Eighth Amendment [to the United States Constitution, U.S. Const. amend. VIII]. **Severe**, **mandatory penalties may be cruel**, **but they are not unusual in the constitutional sense**, having been employed in various forms throughout our [n]ation's history. . . . [M]andatory death sentences abounded in our first Penal Code. They were also common in the several [s]tates-both at the time of the founding and throughout the 19th century. *See Woodson v. N*[.] *Carolina*, 428 U.S. [280,] 289-[]90 [1976]. . . . There can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is "mandatory." *See Chapman v. U*[.]*S*[.], 500 U.S. 453, 467 . . . (1991).

*Hamelin v. Michigan*, 501 U.S. 957, 994-95 (1991) (italics added).

> Moreover, as the Pennsylvania Superior Court has noted:

> Pennsylvania courts have repeatedly and unanimously held that "[t]he Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendments [to] the United States Constitution," and that "the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment to the United States Constitution." [*Commonwealth v.*] *Barnett*, 50 A.3d [176,] 197 [(Pa. Super. 2012)] (quoting *Commonwealth v. Yasipour*, 957 A.2d 734, 743 (Pa. Super. 2008)).

*Commonwealth v. Elia*, 83 A.3d 254, 267 (Pa. Super. 2013). Consequently, a life sentence without parole does not violate either the United States or the Pennsylvania Constitution.

Accordingly, the General Assembly's preliminary objections are sustained, and those parties are dismissed from the above-captioned action. Further, notwithstanding our determination that Boyd has failed to state a claim in our original jurisdiction, we believe that he is essentially challenging the legality of his sentence and confinement such that he has asserted a habeas corpus claim. Consequently, we sustain the Board's first and third preliminary objections. Consistent with our holdings in *Ellis v. Wolf* (Pa. Cmwlth., No. 596 M.D. 2019, filed April 13, 2021), and *Cook v. Wolf* (Pa. Cmwlth., No. 472 M.D. 2019, filed May 13, 2020), therefore, we transfer this matter to the Court of Common Pleas of Philadelphia County, the sentencing court.[4]

---

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Judge Covey, Judge Fizzano Cannon and Judge Wallace did not participate on the decision for this case.

---

[4] After this case was decided, our Supreme Court decided *Scott v. Pennsylvania Board of Probation and Parole*, ___ A.3d ___ (Pa., No. 16 WAP 2021, filed October 19, 2022), which further confirms the result here.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Francis Boyd,                           :
                        Petitioner      :
                                        :
            v.                          :    No. 515 M.D. 2020
                                        :
Pennsylvania Board of Probation and     :
Parole, Pennsylvania General Assembly,  :
Pro Tem Joe B. Scarnati III/or Current  :
Pro Tem Speaker of the House of         :
Representatives Mike Turzai or Current  :
Speaker,                                :
                        Respondents     :

# **O R D E R**

AND NOW, this 4th day of November, 2022, the preliminary objections of the Pennsylvania General Assembly Respondents to Francis Boyd's (Boyd) Amended Petition for Review are SUSTAINED, and the General Assembly Respondents are hereby DISMSSED from the action.

In addition, the first and third preliminary objections of the Pennsylvania Board of Probation and Parole are SUSTAINED, and this matter is transferred to the Court of Common Pleas of Philadelphia County. The Commonwealth Court Prothonotary shall transfer the record, together with a certified copy of the docket entries, to the prothonotary of the Court of Common Pleas of Philadelphia County.

Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Francis Boyd, :
     Petitioner :
            :
    v. : No. 515 M.D. 2020
            :
Pennsylvania Board of Probation and : 
Parole, Pennsylvania General Assembly, : Submitted: July 22, 2022
Pro Tem Joe B. Scarnati III/or :
Current Pro Tem Speaker of the :
House of Representatives Mike :
Turzai or Current Speaker, :
     Respondents :


BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
       HONORABLE ELLEN CEISLER, Judge
       HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## *OPINION NOT REPORTED*

CONCURRING AND DISSENTING OPINION
BY JUDGE McCULLOUGH       FILED: November 4, 2022


    I concur with the Majority to the extent that it disposes of Francis Boyd's second issue, namely, whether the General Assembly intended felony-murder convictions to be parole-eligible under 61 Pa. C.S. § 6137(a). However, because I also believe that the Majority unnecessarily delves into an issue that we cannot consider in this posture, namely, whether a mandatory life sentence is an unconstitutional cruel and unusual punishment, I respectfully dissent from that portion of the Majority's analysis.

    The Majority correctly concludes that the recent Pennsylvania Supreme Court decision in *Hudson v. Pennsylvania Board of Probation and Parole*, 204 A.3d

392 (Pa. 2019), held that the General Assembly did not intend defendants convicted of second-degree murder to be eligible for parole. *See Id.* at 399. To the extent that Boyd challenges his parole denial on that ground, our disposition must be guided by Supreme Court precedent.

However, after correctly concluding that we do not have jurisdiction to address Boyd's overarching challenge to his conviction and sentence, the Majority nevertheless goes on to conclude that life sentences without parole do not violate either the United States or the Pennsylvania Constitutions. We have no jurisdiction over that issue, and it is immaterial to our disposition of the parole eligibility question.[1] Accordingly, as this Court is without jurisdiction to address this issue here, I would limit our holding to the question of parole eligibility and transfer the remaining claims to the Court of Common Pleas. To the extent that the Majority goes any further, I respectfully dissent.[2]

.

 

_____
PATRICIA A. McCULLOUGH, Judge

---

[1] Both the General Assembly Respondents and the Pennsylvania Parole Board argue in their preliminary objections that this Court has no jurisdiction to entertain a challenge to Boyd's conviction and sentence. *See* General Assembly Preliminary Objection II; Board Preliminary Objection I. Moreover, the Board's argument that life sentences are not cruel and unusual punishment is contained in its fourth preliminary objection, upon which the Majority does not rule. *See* Board Preliminary Objection IV; Majority Opinion at 6, Order.

[2] The Majority's constitutional analysis therefore is, at best, *dicta*. *See Rendell v. Pennsylvania State Ethics Commission*, 983 A.2d 708, 714 (Pa. 2009) (any statement in a court's opinion that is "ancillary and, ultimately unnecessary to the resolution of the controversy" is not decisional and is merely non-binding *dicta*) (citations omitted).